# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BREANNA LEE, AS NEXT FRIEND,
PARENT AND GUARDIAN, OF
KRISTOPHER LEE, A CHILD,
      Plaintiff,

vs.

HOBBS PUBLIC SCHOOLS,
T.J. PARKS, SUPERINTENDENT,
HOBBS PUBLIC SCHOOL BOARD,
and WALTER STELZER, in his
Individual capacity,
      Defendants,

## COMPLAINT AND JURY DEMAND

Comes Now Plaintiff and states:

### INTRODUCTION

1. That Plaintiff is resident of Lea County, State of New Mexico. That Defendant, T.J. PARKS, is the Superintendent of the Hobbs Public Schools. The Hobbs Public School Board is the responsible governing board for implementing and maintaining educational policies and plans that comply with federal law and state law, as well as, maintaining and protective the safety of all students who attend school in Hobbs, New Mexico.  At all times

hereto, said individuals and entities were acting under the color of law of New Mexico.

2. This disability rights case is filed by a ten (10) year old boy who has several physical handicaps. First of all he has disruptive mood dysregulation. He has severe recurrent temper outbursts manifested verbally and/or behaviorally physical aggression toward people or property that are grossly out of proportion in intensity or duration to the situation or provocation. The temper outbursts occur on average three or more times per week. He suffers from Attention Deficit Hyperactivity Disorder which makes it extremely difficult for him to sustain attention in play activities, to lectures, conversations, or lengthy reading. He suffers from anxiety disorder. His emotional maturity is that of a five year old. He also suffers from language disorder for which he has a reduced vocabulary, as well as, limited sentence structure ability.

3. Plaintiff, Brenna Lee, is the mother of, next friend and custodian and conservator over the person and the financial affairs of her son, Kristopher Lee.

4. Because of Kristopher's physical, emotional and learning disabilities, he has been placed in the Will Rogers Elementary School (TABS) Teach

Appropriate Behaviors in School in the Hobbs Public Schools. The Special Needs Section is located in the Will Rogers Elementary School of the Hobbs Public Schools.

5. The Special Needs teacher who is in charge of handling Kristopher's daily learning sessions in school was Ms. Pauline deGuzman. Ms. Pauline deGuzman had been trained in those techniques used and implemented in accordance with federal law and she is aware of the requirements of federal law in reference to the handling of children with learning and emotional disorders. Ms. deGuzman was aware that federal law prohibits battery and/or touching of special needs children who display outbursts at school; that the appropriate procedure is to attempt to calm children like Kristopher down during mood outbursts and if this fails to call the parent and/or custodian to remove the child from the school until the mood of the child has calmed down.

6. Ms. Nicole Carranza was a Special Needs Aide who on the date of the incident was assisting Kristopher in his daily learning sessions. Ms. Carranza had been trained in those techniques used and implemented in accordance with federal law and she is aware of the requirements of federal law in reference to the handling of children with learning and emotional

disorders. Ms. Carranza was aware that federal law prohibits battery and/or touching of special needs children who display outbursts at school; that the appropriate procedure is to attempt to calm children like Kristopher down during mood outbursts and if this fails to call the parent and/or custodian to remove the child from the school until the mood of the child has calmed down.

7. Mr. Walter Stelzer, is a substitute teacher who had understanding and knowledge of those procedures required to be administered and implemented by Special Needs Programs in public schools for children at times of outbursts. Mr. Stelzer had been trained in those techniques used and implemented in accordance with federal law and he is aware of the requirements of federal law in reference to the handling of children with learning and emotional disorders. Mr. Stelzer was aware that federal law prohibits battery and/or touching of special needs children who display outbursts at school; that the appropriate procedure is to attempt to calm children like Kristopher down during mood outbursts and if this fails to call the parent and/or custodian to remove the child from the school until the mood of the child has calmed down.

8. During one of Kristopher's outbursts at Will Rogers Elementary TABS Center at the Hobbs Public Schools on October 16th, 2017, Mr. Stelzer, the

substitute teacher, despite the requirements placed upon him by federal law, took it upon himself, with Kristopher backed up against a corner in the classroom, to strike (batter) the boy instead of backing away and having Ms. Carranza, who was familiar with Kristopher's condition, to handle the situation in accordance with federal law.

9. Kristopher, and his mother, who is his custodian, bring this action against the Hobbs Public Schools, The Hobbs School Board, Superintendent T. J. Parks, and Walter Stelzer, as an authorized substitute teacher in the Special Needs Learning Center of the Hobbs Public Schools. They bring this cause of action pursuant to the Americans with Disabilities Act, as well as, Section 504 of the Rehabilitation Act, and Kristopher seeks a declaration that his rights were violated and damages were incurred for the injuries he suffered as a result of the battery and denial of his civil rights.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under 28 U.S.C. Sections 1331 1343 because this is a civil action seeking redress for the deprivation of rights secured by federal law – specifically Title II of the Americans with Disabilities Act, 42 U.S.C. Section 12132 et seq., Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. Section 794(a), and 42 U.S.C. Section 1983.

11. Venue is proper in that the complained of actions took place in and the parties reside in the State of New Mexico.

## PARTIES

12. Plaintiff, Kristopher Lee, is a minor who resides in Hobbs, Lea County, New Mexico. He brings this action through his mother, custodian and next friend, Breanna Lee, who also resides in Hobbs, Lea County, New Mexico.

13. Defendant, Hobbs Public Schools (the "District") is a public school district and a body and entity organized under the laws of the State of New Mexico. It is located in Lea County, New Mexico.

14. Defendant, Hobbs Public School Board, is the organized and duly elected body responsible for creating school policies and making certain the District is following state, as well as, federal law.

15. Defendant, T. J. Parks, is the Superintendent of the Hobbs Public Schools. He is responsible for carrying out the policies and procedures established and implemented by the Hobbs Public School Board.

16. Defendant, Walter Stelzer, is employed by the Hobbs Public Schools as a substitute teacher in the Special Needs Section of the Hobbs Public Schools.

## FACTUAL ALLEGATIONS

17. Plaintiff incorporates the preceding paragraphs.

18. Kristopher was born in 2007, and is now ten years old.

19. Kristopher, as stated herein before, is a ten (10) year old boy who has several physical handicaps. He has disruptive mood dysregulation. He has severe recurrent temper outbursts manifested verbally and/or behaviorally physical aggression toward people or property that are grossly out of proportion in intensity or duration to the situation or provocation. The temper outbursts occur on average three or more times per week. He suffers from Attention Deficit Hyperactivity Disorder which makes it extremely difficult for him to sustain attention in play activities, to lectures, conversations, or lengthy reading. He suffers from anxiety disorder. His emotional maturity is that of a five year old. He also suffers from language disorder for which he has a reduced vocabulary, as well as, limited sentence structure ability.

20. Kristopher is a person with a disability, as that term is defined by Section 504 of the Rehabilitation Act, and in accordance with Title II of the Americans with Disabilities Act.

21. In the fall of 2017, Kristopher's mother had him enrolled in the Special Needs Section of the Hobbs Public Schools, where a special needs plan was established for him. That special needs plan for Kristopher was called an Individual Education Plan ("IEP") which set forth the goals for Kristopher, the parameters of the Hobbs Public School's responsibilities in carrying out the IEP in accordance with federal law and in particular Section 504 of the Rehabilitation Act, and Title II of the Americans with Disabilities Act.

22. Prior to entering Kristopher into the Hobbs Public Schools Special Needs Section, Kristopher's mother, Breanna Lee, was informed that because of Kristopher's special needs, that the school personnel would contact her if he had a outburst that resulted in an incident that the school could not control Kristopher; that no physical contact would be initiated against Kristopher; that Ms. Lee would come and pick him up that day and remove him from school. The Hobbs Public Schools informed Ms. Lee that the Hobbs Public Schools would comply with Section 504 of the Rehabilitation Act, and Title II of the Americans with Disabilities Act.

23. Ms. deGuzman was the special needs teacher assigned to work with Kristopher, to help him to achieve those goals set by the program and to have direct control and supervision of Kristopher at times where Kristopher

had outbursts in class. However, on that day she was out of the classroom attending a training session.

24. Mr. Walter Stelzer, was a substitute teacher in the Special Needs Section. Furthermore he was familiar with the disabilities Kristopher suffered from. Mr. Stelzer had training in handling children who suffered from and Mr. Stelzer had been trained in those techniques used and implemented in accordance with federal law and she is aware of the requirements of federal law in reference to the handling of children with learning and emotional disorders. Mr. Stelzer was aware that federal law prohibits battery and/or touching of special needs children who display outbursts at school; that the appropriate procedure is to attempt to calm children like Kristopher down during mood outbursts and if this fails to call the parent and/or custodian to remove the child from the school until the mood of the child has calmed down.

25. On the afternoon of October 16, 2017, Kristopher had an outburst in the Special Needs Section that Ms. Carranza was teaching. Due to the outburst Kristopher became physical and pushed chairs and desks. Kristopher slapped Mr. Stelzer when Mr. Stelzer approached Kristopher. Mr. Stelzer retaliated and slapped Kristopher across the face. Mr. Stelzer continued to confront and antagonize Kristopher until Kristopher "cowered down" in between

chairs and desks. Mr. Stelzer disregarded the federal mandate of no contact under Section 504 of the Rehabilitations Act. Mr. Stelzer is 6ft.3" all and weighs approximately 200 plus pounds. Kristopher is 4'8 inches tall and only weighs 98 pounds.

26. Mr. Stelzer struck Kristpoher because Kristopher had a disability as set forth above. All of Kristopher's behavior on October 16, 2017 was "by reason" of his disabilities.

27. As a result of the battery of Kristopher, he was denied access to education and its benefits thereafter. He did not return to the classroom because of the incident until February 8th and 9th of 2018. The school has now made accommodations after February 8th and 9th to avoid similar incidents.

28. Mr. Stelzer discriminated as an employee of the Hobbs Municipal Public Schools, by hitting a disabled child, when the policy of the school is to not hit any student in the Hobbs Municipal Schools, much less a disable child.

29. Subsequently the trained aide Ms. Carranza, took over and was able to calm Kristopher down after a third incident with Mr. Seltzer and following the mandate of federal law, school officials called Breanna Lee and requested that she come and pick up Kristopher for the remainder of that particular school day.

30. Following the incident, Mr. Stelzer stated to others in the room that he needed to write himself up for his behavior toward Kristopher, clearly recognized the disastrous situation he has brought on himself and the Hobbs Public Schools.

## CLAIM FOR RELIEF AGAINST THE HOBBS PUBLIC SCHOOLS, SUPERINTENDENT T. J. PARKS, HOBBS SCHOOL BOARD AND WALTER STELZER FOR DISCRIMINATION

31. Plaintiff incorporates the preceding paragraphs.

32. Section 504 of the Rehabilitation Act pf 1973 ("Section 504") and its implementing regulations provide "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. Section 794(a); see also 34 C.F.R. Section 104.4(a).

33. Among other requirements, entities subject to Section 504 must provide equal opportunity to qualified persons with disabilities to participate or benefit from any aid, benefit, or service they make available. 34 C.F.R. Section 104.4(b)(1)(ii).

34. Entities subject to Section 504 must avoid otherwise limiting a qualified individual with a disability in the enjoyment of any right, privilege,

advantage, or opportunity enjoyed by others receiving an aid, benefit or service. 34 C.F.R. Section 104.4(b)(1)(vii).

35. An "individual with a disability" is defined by reference to the Americans with Disabilities Act ("ADA"), 29 U.S.C. Section 705(20)(B); referencing 42 U.S.C. Section12102(1). A person has a disability under Section 504 if they have a physical or mental impairment that substantially limits one or more of their major life activities. 42 U.S.C. Section 12102(1).

36. Major life activities include, but are not limited to, caring for oneself, performing manual tasks, walking, standing, lifting, bending, speaking, learning, and working. 42 U.S.C. Section 12102(2)(A). Major life activities also include the operations of major bodily function. 42 U.S.C. Section 12102(2)(B).

37. A "qualified individual with a disability" is one who, with or without reasonable accommodations for their disability, meets essential eligibility in the programs or activities of a recipient of Federal financial assistance. See 29 U.S.C. Section 794(a).

38. A "program or activity" includes local education agencies, public boards of education, and school systems. 29 U.S.C. Section 794(b)(2)(B), referencing 20 U.S.C. Section 7801(26). A "recipient of federal financial assistance" is a public or private agency or other entity to which Federal financial

assistance is extended directly or through another recipient. 34 C.F.R. Section 104.3(f).

39. Kristopher is an individual having an emotional, mental and cognitive impairment, including but not limited to, disruptive mood dysregulation, severe recurrent temper outbursts manifested verbally and/or behaviorally, physical aggression toward people or property that are grossly out of proportion in intensity or duration to the situation or provocation, he suffers from Attention Deficit Hyperactivity Disorder which makes it extremely difficult for him to sustain attention in play activities, to lectures, conversations, or lengthy reading, he suffers from anxiety disorder and he also suffers from language disorder for which he has a reduced vocabulary, as well as, limited sentence structure ability.

40. Kristopher's impairments affect his major life activities of being able to learn, comprehend and concentrate in a school setting. See 42 U.S.C. Section 12102(2).

41. Kristopher is an individual with disabilities as defined by Section 504. 29 U.S.C. Section 705(20)(B); Referencing 42 U.S.C. Section 12102(1).

42. Kristopher is an otherwise qualified individual with disabilities who meets essential eligibility requirements to receive services from or participate in

the programs or activities of the Hobbs Public School Special Needs Program. See 42 U.S.C. Section 12131(2); 29 U.S.C. Section 794(a).

43. Kristopher has attended and received educational services from the Hobbs Public Schools.

44. The Hobbs Public Schools Special Needs Section is a "program(s) or activities" subject to Section 504. See 29 U.S.C. Section 794(b)(2)(B), referencing 20 U.S.C. Section 7801(26).

45. Hobbs Public Schools is a recipient of federal financial assistance as they receive federal funds.

46. Hobbs Public Schools is an entity subject to the non-discrimination requirements of Section 504. See 29 U.S.C. Section 794(a); see also 34 C.F.R. Section 104.4.

47. Hobbs Public Schools, by allowing or permitting Mr. Stelzer to strike and batter Kristopher on October 16, 2017, discriminated intentionally failed to give him access to an education in light of his disabilities. See 34 C.F.R. Section 104.4(a), 104.4(b)(ii) and (iv).

48. Hobbs Public Schools, by permitting the actions of Mr. Stelzer, was allowing an illegal and unlawful contact with Kristopher that violated Section 504 of the Rehabilitation Act of 1973.

49. As a proximate cause of these violations of Section 504, Kristopher has suffered harm as set forth above.

50. Defendants refusal to accommodate and comply with Section 504 of the Rehabilitation Act, and Title II of the Americans with Disabilities Act, has caused Kristopher harm, including, but not limited to:

    a. Denial of protection under federal law that prohibits any unreasonable contact whatsoever between a teacher and the disabled person;

    b. Emotional distress and pain, embarrassment, as well as, mental anguish.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

a. Enter judgment in his favor against Defendants.

b. Issue a declaration stating that Defendants violated Plaintiff's rights under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act.

c. Award him damages in an amount to be determined at trial.

d. Award attorneys' fees pursuant to the Rehabilitation Act and the Americans with Disabilities Act, 42 U.S.C. Section 1988.

e. Grant any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues triable to a jury.

Respectively Submitted By:

*[signature]*

Max Houston Proctor, Esq.
728 W. Silver Drive
Hobbs, New Mexico 88240
(Attorney for Plaintiff)

*[signature]*

Tommy D. Parker, Esq.
P. O. Box 2816
Hobbs, New Mexico 88241
575-397-2400
(Attorney for Plaintiff)